(33 App. Div. 639.)

### WRIGHT v. PELL.

(Supreme Court, Appellate Division, First Department.   October 14, 1898.)

SPECIAL TERMS—MOTIONS—RENEWAL.

    Where a justice of a special term has denied a motion, with leave to renew within 10 days, another justice will not allow the motion after the 10 days have elapsed.

Appeal from special term.

Action by George M. Wright, as assignee, against Alice B. Pell. From an order denying a motion by defendant, defendant appeals. Affirmed.

The following is the opinion of the court below (PRYOR, J.):

A similar motion, before Mr. Justice Kellogg, was denied, with leave to renew within 10 days. The 10 days have elapsed, and I am of opinion that I am concluded by the former adjudication. Undoubtedly, the court considered that the interest of justice required the motion to be made within the designated period. I am not willing to overrule the decision of another justice, nor to disregard a condition imposed by him as a basis of relief. Finelite v. Finelite (Sup.) 16 N. Y. Supp. 287. Motion denied, without costs.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

P. A. Hargous, for appellant.

J. Holmes, Jr., for respondent.

PER CURIAM.   Order affirmed, with $10 costs and disbursements, on opinion of PRYOR, J.

---

(25 Misc. Rep. 640.)

### PHILADELPHIA & R. COAL & IRON CO. v. DEVOY et al.

(Supreme Court, Special Term, Onondaga County.   December, 1898.)

FRAUDULENT CONVEYANCES.

    Where a brother at the time of his marriage conveys his interest in the homestead to his maiden sisters, it will not be considered fraudulent as to his creditors when he becomes insolvent some eight years thereafter, though the deed was not recorded until shortly before his insolvency, the grantees being put actually in possession, to the exclusion of the grantor.

Suit by the Philadelphia & Reading Coal & Iron Company against Martin Devoy and others to set aside a deed as fraudulent. Dismissed.

T. W. Taylor, for plaintiff.

Lewis & Crowley, for defendants.

HISCOCK, J.   The defendants are brothers and sisters.   The deed in question was executed in 1885.   It was not recorded until shortly before the grantor became insolvent and plaintiff's judgment was recovered, in 1893.   During that time it remained in the possession of one McGuire, a brother-in-law of defendants, to whom it had been delivered when executed.   The grantor executed the deed in connection with the occasion of his marriage.   The premises are the home-

stead before that occupied by him and the other defendants, and ever since by the latter, he having gone elsewhere. He announced his purpose of executing this conveyance to them, and they knew of its execution and delivery to their brother-in-law for them. The defendant Martin has paid the taxes and insurance on the premises since the deed was executed, and at one or more times, in giving a statement of his assets, has included this land, which is said to be worth from $3,000 to $4,000. The sisters are maiden ladies, and, so far as appears, of no business experience. A review of all the evidence leads me to the conclusion, adverse to plaintiff's claim, that the deed is not void or fraudulent. In view, specially, of the beneficial nature of the instrument, there is sufficient evidence to establish a proper delivery. The failure to record was not, I think, due to fraudulent purpose. Its execution was apparently a family matter, and in pursuance of some duty which the grantor felt to provide for his sisters. The payment by him of taxes and insurance after its execution is doubtless to be accounted for in the same way, rather than upon the theory that he regarded the property still his, or desired to suppress knowledge of the conveyance. The grantees were actually in possession of the premises, to the exclusion of the grantor. Under these circumstances, in my judgment, the deed was allowed by the grantees and their agent, McGuire, to remain unrecorded, through inattention, or the feeling that there was no necessity to record, rather than through purpose to cheat creditors. Judgment and findings may be prepared dismissing plaintiff's complaint, with costs. Complaint dismissed, with costs.